2019 IL App (1st) 153581
No. 1-15-3581
Opinion filed May 16, 2019

Fourth Division

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 99 CR 25404 (01) |
| | ) | |
| MELVIN HARVEY, | ) | Honorable |
| | ) | Carol M. Howard, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Justices Reyes and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Melvin Harvey, is currently serving concurrent sentences of 52 and 30 years' imprisonment imposed on his convictions for the September 13, 1999, first degree murder and armed robbery of Michael Harris. Defendant was 16 years old at the time of the offense, and was subject to an automatic transfer to adult court.

¶ 2    This appeal concerns defendant's August 6, 2015, successive postconviction petition, in which he argued that his concurrent 52- and 30-year sentences violated the United States and Illinois Constitutions under *Miller v. Alabama*, 567 U.S. 460 (2012), *Graham v. Florida*, 560 U.S. 48 (2010), and *People v. Davis*, 2014 IL 115595, ¶ 14. The circuit court denied defendant leave to file his successive postconviction petition on October 9, 2015, finding that defendant

failed to meet the prejudice prong of the cause and prejudice test, because *Miller* "applie[d] only to *mandatory* life sentences." (Emphasis in original).

¶ 3    In this court, defendant contends that the circuit court erred in denying him leave to file his successive postconviction petition, because his 52-year sentence—to be served at 100%—imposed on his conviction for a crime committed while he was a juvenile violates the Eighth Amendment of the U.S. Constitution. Defendant contends that his 52-year sentence is a *de facto* life sentence, triggering the protections of *Miller* and requiring a sentencing court to consider defendant's youth and attendant characteristics in fashioning a sentence. Defendant contends that the circuit court did not consider such factors, and accordingly, this court should remand his case for a new sentencing hearing. Finally, defendant contends that if this court remands this matter for a new sentencing hearing, the new juvenile sentencing laws in 730 ILCS 5/5-4.5-105 (West 2016), outlining the procedures for sentencing hearings for individuals who committed offenses when they were under age 18, should apply at the hearing.

¶ 4    The State responds that the circuit court properly denied defendant leave to file his successive post-conviction petition, because his 52-year sentence complied with the eighth amendment, and was not a *de facto* life sentence. It also contends that even if his sentence were considered a *de facto* life sentence, defendant's sentencing "complied with *Miller*" because the trial court was "aware of defendant's chronological age at the time of the offense" and it had access to the presentence investigation report (PSI), which did not show evidence "of any particular immaturity, impetuosity, or failure to appreciate risks or consequences."

¶ 5    We note that this court previously stayed this case, without objection from either party, because the singular issue in this case would be controlled by the supreme court's forthcoming

decision in *People v. Buffer*. The supreme court has since issued its decision in *Buffer*, 2019 IL 122327, and accordingly, this court lifted the stay for ruling on this case.

¶ 6    In *Buffer*, the supreme court reviewed the circuit court's denial of the defendant's postconviction petition, in which the defendant argued that his 50-year prison sentence, imposed for a crime he committed when he was 16 years old, violated the eighth amendment because it was a *de facto* life sentence.

¶ 7    After reviewing the history of *Miller* and its progeny, the court in *Buffer* noted that to prevail on such a claim, "a defendant sentenced for an offense committed while a juvenile must show that (1) the defendant was subject to a life sentence, mandatory or discretionary, natural or *de facto*, and (2) the sentencing court failed to consider youth and its attendant characteristics in imposing the sentence." *Id.* ¶ 27 (citing *Holman*, 2017 IL 120655, ¶ 40; *Reyes*, 2016 IL 119271, ¶ 9).

¶ 8    The supreme court then considered where the line should be drawn at which a sentence constitutes a *de facto* life sentence. The court ultimately concluded that "a prison sentence of 40 years or less imposed on a juvenile offender does not constitute a *de facto* life sentence in violation of the eighth amendment," and concomitantly, that a sentence greater than 40 years does constitute a *de facto* life sentence. *Id.* ¶ 41. Accordingly, the court found that the defendant's 50-year sentence was a *de facto* life sentence. *Id.* ¶ 42.

¶ 9    The court in *Buffer* also concluded that the circuit court failed to consider the defendant's youth and its attendant characteristics in imposing that sentence. *Id.* While the court noted that the circuit court stated that it " 'considered all of the relevant statutory requirements,' " including the PSI and the defendant's age, the record did not indicate that the court considered defendant's

youth and its attendant characteristics as required by *Miller* and its progeny. *Id.* ¶¶ 5, 46 (citing *Holman*, 2017 IL 120655, ¶ 46).

¶ 10    Following our supreme court's guidance in *Buffer*, we conclude that defendant's 52-year sentence in this case constitutes a *de facto* life sentence.

¶ 11    We also conclude that the circuit court failed to consider the defendant's youth and its attendant characteristics in imposing that sentence. As our supreme court has stated, a juvenile defendant may be sentenced to life, or *de facto* life, imprisonment, but before doing so, the trial court must

> "determine[] that the defendant's conduct showed irretrievable depravity, permanent incorrigibility, or irreparable corruption beyond the possibility of rehabilitation. The court may make that decision only after considering the defendant's youth and its attendant characteristics. Those characteristics include, but are not limited to, the following factors: (1) the juvenile defendant's chronological age at the time of the offense and any evidence of his particular immaturity, impetuosity, and failure to appreciate risks and consequences; (2) the juvenile defendant's family and home environment; (3) the juvenile defendant's degree of participation in the homicide and any evidence of familial or peer pressures that may have affected him; (4) the juvenile defendant's incompetence, including his inability to deal with police officers or prosecutors and his incapacity to assist his own attorneys; and (5) the juvenile defendant's prospects for rehabilitation." *Holman*, 2017 IL 120655, ¶ 46; see also *Buffer*, 2019 IL 122327, ¶ 19.

¶ 12 The State contends that the requirement to consider the defendant's youth and its attendant characteristics was satisfied by the trial court's "aware[ness] of defendant's chronological age at the time of the offense" and its consideration of the PSI. Specifically, the State appears to contend that the PSI included information from which the court could have considered the above factors, however the State admits that the trial court did not discuss defendant's prospects for rehabilitation. See *People v. Morris*, 2017 IL App (1st) 141117, ¶ 32 (concluding that circuit court's consideration of the PSI was not "the equivalent to a full consideration of those special characteristics contained within the PSI report" particularly where the court did not "weigh heavily defendant's opportunity for rehabilitation").

¶ 13 Following *Buffer*, we conclude that the court's mere awareness of a defendant's age and consideration of a PSI does not provide evidence that the circuit court specifically considered defendant's youth and its attendant characteristics. Therefore, we must conclude that defendant's sentence violates the eighth amendment, and we vacate that sentence as unconstitutional. *Buffer*, 2019 IL 122327, ¶ 42.

¶ 14 In so holding, we also note that the proper remedy in such circumstances is to remand this matter for a new sentencing hearing. See *id.* ¶¶ 44-47 ("Based on the particular issue raised in this appeal and in the interests of judicial economy, the proper remedy is to vacate defendant's sentence and to remand for a new sentencing hearing."). Further, defendant shall be entitled on remand to be sentenced under the scheme prescribed by section 5-4.5-105 of the Unified Code of Corrections (730 ILCS 5/5-4.5-105 (West 2016)). *Buffer*, 2019 IL 122327, ¶ 47.

¶ 15 Based on the foregoing, we reverse the judgment of the trial court, and remand the case for further proceedings consistent with this opinion.

¶ 16 Reversed and remanded; mandate to issue *instanter*.